**DANIEL R. SOLIN (DRS 8675)**
401 Broadway
Suite 306
New York, New York 10013
(239) 949-1606
dansolin@yahoo.net

**DAVID VALICENTI (DV 9090)**
CAIN HIBBARD MYERS & COOK, PC
66 West Street
Pittsfield, Massachusetts 01201
(413) 443-4771
dvalicenti@cainhibbard.com

Co-Counsel for Plaintiffs



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
DANIEL R. SOLIN, INDIVIDUALLY       :
AND AS TRUSTEE OF THE DANIEL R.    :
SOLIN TRUST,                        :
                   Plaintiffs,       :
                               :
     - against -                  :
                               :
ANTHONY J. DOMINO, JR.              :
                               :
               Defendants.    :
-----------------------------------------------------x

JUDGE ROBINSON
**08 CV 2837**

Civil Action No.

**COMPLAINT**

Plaintiff Daniel R. Solin ("Solin"), individually and as Trustee of the Daniel R. Solin Trust (the "Trust"), by their undersigned counsel, allege for their Complaint:

### THE PARTIES

1.    Plaintiff Solin is a citizen of the United States and a resident of Bonita Springs, Florida.

2. Plaintiff Trust is a revocable Trust created under the laws of Florida on or about August 28, 2002.

3. Defendant Anthony J. Domino, Jr. ("Domino") is a citizen of the United States and a resident of New Canaan, Connecticut. At all times relevant hereto, Domino was the President of Associated Benefit Consultants ("Associated"). Associated was and is an employee benefit-consulting firm headquartered in White Plains, New York. Associated provides its clients with advice in matters relating to pensions, profit sharing, deferred compensation, employee benefits, as well as financial services and estate planning. At all relevant times, Domino was and is a Registered Representative and a Financial Advisor.

## JURISDICTION AND VENUE

4. Plaintiff Solin is a citizen of the State of Florida and a resident of Bonita Springs, Florida. Plaintiff Trust is a revocable trust created under the laws of Florida. Defendant is a citizen of the State of Connecticut. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a). The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(a) because a substantial part of the relevant events occurred in this district.

## INTRODUCTION

6. Solin and the Trust bring this action for damages to remedy Domino's actions of professional malpractice and negligent misrepresentation which have caused Solin and the Trust serious economic damages.

## FACTUAL ALLEGATIONS

7. For many years, Solin and, more recently, the Trust, have been financial advisory clients of Domino and Associated. In connection with the transactions at issue, Domino also served as insurance agent and/or broker to Solin and the Trust. He provided those services from the corporate headquarters of Associated, located in White Plains, New York.

8. In or about November, 2006, Solin, and Solin's wife, Patricia Solin, asked Domino to compute the taxable gain if Solin surrendered a Variable Annuity (the "Annuity") issued by The Guardian Life Insurance Company of America ("Guardian") in the name of the Trust. Domino had advised Solin to rollover another annuity the Trust had with Fidelity Investments into this Guardian annuity approximately six years prior to this time. At that time, Domino was a Financial Representative of Guardian and, upon information and belief, he received significant initial and ongoing commissions for placing the Annuity with Guardian.

9. Solin and his accountant, William Fenton, needed the Annuity's taxable gain information from Domino to calculate Solin's potential tax liability and to determine whether Solin and the Trust should surrender the Annuity, pay the taxes and invest in a taxable account or rollover the Annuity, using a tax free 1035 exchange, into a low cost annuity from Vanguard or from other low cost providers.

10. The value of the Annuity in November, 2006 was $3,173,439.

11. Orally, and in writing from the headquarters of Associated in White Plains, New York, and on a number of occasions, Domino represented to Solin, to Patricia

Solin and to William Fenton, that $2,481,938 of the $3,173,439 value of the Annuity could be taken out tax free (i.e., its cost basis), leaving a gain of $691,501 which would indicate a potential tax liability of approximately $200,000.

12.     In reliance on Domino's oral and written information, Solin and the Trust surrendered the Annuity in or about June, 2007 and invested the proceeds in a taxable account at Charles Schwab & Co., where it was invested in a globally diversified portfolio of passively managed funds.

13.     In February, 2008, Guardian issued a Form 1099 to Solin and the Trust, indicating that $1,877,138.80 of the value of the Annuity was taxable, resulting in an actual tax liability in excess of $600,000. When confronted with this disparity between the information he provided to Solin, to the Trust and to William Fenton, and the actual gain amount and resulting tax liability, Domino conceded that he had made "a mistake."

14.     If Solin and the Trust had received accurate information from Domino, Solin would have rolled over the Annuity into a low cost annuity from Vanguard or from another low cost provider and deferred all tax liability.

15.     Domino's conduct has caused significant financial harm to Solin and to the Trust.

### FIRST CLAIM—PROFESSIONAL MALPRACTICE

16.     Plaintiffs repeat and reallege paragraphs 1 through 15 above as if fully set forth herein.

17. At all relevant times, Domino performed professional services for Solin and the Trust as both a financial advisor and an insurance agent. As such, he owed Solin and the Trust a duty of care.

18. Domino failed to exercise the standard of care of a professional financial advisor or an insurance agent when he advised Solin and the Trust of the potential taxable gain and resulting tax liability upon the surrender of the Annuity.

19. Solin and the Trust relied on Domino's information and surrendered the Annuity based upon that information. If they had known the actual gain and resulting tax liability, they would not have surrendered the Annuity and, instead, would have rolled over the Annuity into a low cost annuity from Vanguard or from other low cost providers and deferred all tax liability.

20. This negligent conduct by Domino has caused damage to Solin and the Trust, in an amount to be determined at trial but estimated to be in excess of $400,000.

## SECOND CLAIM-NEGLIGENT MISREPRESENTATION

21. Plaintiffs repeat and reallege paragraphs 1 through 20 above as if fully set forth herein.

22. As the financial advisor and insurance agent for Solin and the Trust, Domino owed them a duty to use reasonable care to impart accurate information to them concerning the taxable gain they would incur if they surrendered the Annuity.

23. Domino failed to use reasonable care when he imparted incorrect information to Solin, to the Trust and to their accountant concerning the taxable gain and ultimate tax liability they would incur if they surrendered the Annuity.

24. Solin and the Trust reasonably relied on the information provided by Domino in making the decision to surrender the Annuity and to incur tax liability.

25. This negligent conduct by Domino has caused damage to Solin and the Trust, in an amount to be determined at trial but estimated to be in excess of $400,000.

WHEREFORE, Plaintiffs pray for judgment:

I. Awarding damages to compensate them for the injuries they suffered as a result of Defendant's misconduct, in an amount to be determined at trial;

II. Awarding Plaintiffs their costs and reasonable attorneys' fees in connection with this action; and

III. Awarding Plaintiffs such other and further relief as this Court may find to be just.

Dated: March 17, 2008

Respectfully submitted,
DANIEL R. SOLIN (DRS 8675)

By: _____
401 Broadway
Suite 306
New York, New York 10013
(239) 949-1606
dansolin@yahoo.net

By: _____
DAVID VALICENTI (DV 9090)
CAIN HIBBARD MYERS & COOK
66 West Street
Pittsfield, Massachusetts 01201
(413) 443-4771
dvalicenti@cainhibbard.com

Co-Counsel for Plaintiffs

6