Kevin J. Windels (KJW 5477)
D'AMATO & LYNCH, LLP
70 Pine Street
New York, New York 10270
(212) 269-0927
kwindels@damato-lynch.com
Attorneys for Defendant
Anthony J. Domino, Jr.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————— X
DANIEL R. SOLIN, INDIVIDUALLY AND AS                :
TRUSTEE OF THE DANIEL R. SOLIN TRUST,
                                                    : Civ. Action No.:08 CV 2837 (SCR)
                              Plaintiffs,
                                                    :
        – against –                                     **ANSWER**
                                                    :
ANTHONY J. DOMINO, JR.,                                 **Trial by Jury is Demanded**
                                                    : **Pursuant to FRCP 38**
                              Defendant.
——————————————————————— X

Defendant Anthony J. Domino, Jr., by his attorneys D'Amato & Lynch, LLP, as and for his Answer to the Complaint states the following:

## THE PARTIES

1.      Denies knowledge or information sufficient to form a belief with respect to each and every allegation contained in Paragraph "1" of the Complaint.

2.      Denies knowledge or information sufficient to form a belief with respect to each and every allegation contained in Paragraph "2" of the Complaint and respectfully refers all questions of law to the Court.

3.      Defendant admits that he is a citizen of the United States and a resident of New Canaan, Connecticut. Defendant also admits that he is a Managing Director of Associated

Benefits, LLC, located in Rye Brook, New York. In addition, Defendant admits he is a licensed insurance agent and a Registered Representative and holds designations as a Chartered Life Underwriter and Chartered Financial Consultant. Defendant denies each and every other allegation contained in Paragraph "3" of the Complaint.

## JURISDICTION AND VENUE

4. Denies knowledge or information sufficient to form a belief with respect to each and every allegation contained in Paragraph "4" of the Complaint, except admits that defendant is a citizen of the State of Connecticut.

5. Denies knowledge or information sufficient to form a belief with respect to each and every allegation contained in Paragraph "5" of the Complaint and respectfully refers all questions of law to the Court.

## INTRODUCTION

6. Denies each and every allegation contained in Paragraph "6" of the Complaint.

7. Denies each and every allegation (contained in Paragraph "7" of the Complaint.

8. Denies each and every allegation contained in Paragraph "8" of the Complaint.

9. Denies each and every allegation contained in Paragraph "9" of the Complaint.

10. Denies each and every allegation contained in Paragraph "10" of the Complaint.

11. Denies each and every allegation contained in Paragraph "11" of the Complaint. To the extent that plaintiffs are relying on one or more a written document(s), in connection with the allegations in Paragraph "11" of the Complaint, defendant refers the court to the document(s) in their entirety.

12. Denies each and every allegation contained in Paragraph "12" of the Complaint.

13. Denies each and every allegation contained in Paragraph "13" of the Complaint.

14. Denies each and every allegation contained in Paragraph "14" of the Complaint.

15. Denies each and every allegation contained in Paragraph "15" of the Complaint.

### RESPONSE TO PLAINTIFFS' FIRST CLAIM-PROFESSIONAL MALPRACTICE

16. In response to paragraph "16" of the Complaint, defendant repeats and realleges his responses to Paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. Denies each and every allegation contained in Paragraph "17" of the Complaint, and respectfully refers all questions of law to the Court.

18. Denies each and every allegation contained in Paragraph "18" of the Complaint.

19. Denies each and every allegation contained in Paragraph "19" of the Complaint.

20. Denies each and every allegation contained in Paragraph "20" of the

Complaint.

## RESPONSE TO PLAINTIFFS' SECOND CLAIM-NEGLIGENT MISREPRESENTATION

21. In response to paragraph "21" of the Complaint, defendant repeats and realleges his responses to Paragraphs "1" through "20" of the Complaint as if fully set forth herein.

22. Denies each and every allegation contained in Paragraph "22" of the Complaint and respectfully refers all questions of law to the Court.

23. Denies each and every allegation contained in Paragraph "23" of the Complaint and respectfully refers all questions of law to the Court.

24. Denies each and every allegation contained in Paragraph "24" of the Complaint.

25. Denies each and every allegation contained in Paragraph "25" of the Complaint.

### AS FOR A FIRST SEPARATE DEFENSE

1. The Complaint fails to state a claim as against defendant upon which relief may be granted.

### AS FOR A SECOND SEPARATE DEFENSE

2. Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

### AS FOR A THIRD SEPARATE DEFENSE

3. Plaintiffs' claims are barred in whole or in part by the doctrine of ratification.

### AS FOR A FOURTH SEPARATE DEFENSE

4. Plaintiffs' claims are barred in whole or in part by the doctrine of limitations of awards, caps on recovery, and/or setoffs.

### AS FOR A FIFTH SEPARATE DEFENSE

5. Plaintiffs' claims are barred in whole or in part by the doctrines of ripeness, waiver and/or estoppel.

### AS FOR A SIXTH SEPARATE DEFENSE

6. Plaintiffs' claims are barred in whole or in part because defendant discharged and satisfied all of his obligations to plaintiffs.

### AS FOR A SEVENTH SEPARATE DEFENSE

7. Plaintiffs' claims are barred in whole or in part because their reliance upon the alleged misrepresentations, statements and/or omissions of defendant was not justified.

### AS FOR AN EIGHTH SEPARATE DEFENSE

8. Any damages sustained by plaintiffs are attributable to their own comparative fault, contributory negligence, assumption of the risk, and/or acts or omissions.

### AS FOR A NINTH SEPARATE DEFENSE

9. Plaintiffs have failed to join one or more necessary parties against whom relief can or should be granted.

### AS FOR A TENTH SEPARATE DEFENSE

10. Plaintiffs have failed to mitigate their alleged damages.

### AS FOR A ELEVENTH SEPARATE DEFENSE

11. At all relevant times herein, Defendant was acting as an agent for a disclosed principal(s), namely The Guardian Insurance Company of America ("Guardian") and/or Guardian Insurance & Annuity Company, Inc. ("GIAC").

## AS FOR A TWELFTH SEPARATE DEFENSE

12. At all relevant times herein, Defendant was an agent for Guardian, and as such, relied on information provided by Guardian and/or GIAC relating to the computation of the taxable gain on the Annuity Contract (No. 210200815) issued by GIAC.

## AS FOR A THIRTEENTH SEPARATE DEFENSE

13. Defendant Domino reserves the right to rely on such other and further affirmative defenses as may be supported by facts to be determined through full and complete discovery and to amend his answer to assert such affirmative defenses.

## JURY DEMAND

Defendant demands a trial by jury as to all issues raised in the Complaint pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE,** defendant respectfully requests that the court enter judgment as follows:

    a. Dismissing plaintiffs' complaint in its entirety; and

    b. Awarding defendant costs and reasonable attorneys' fees of this action; and

    c. Such other and further relief as to this Court seems proper.

Dated: New York, New York
       May 19, 2008

                                Yours, etc.,

                                D'AMATO & LYNCH, LLP

                                By: _____/S/_____
                                    Kevin J. Windels (KJW 5477)
                                    Attorneys for Defendant
                                    Anthony J. Domino, Jr.
                                    70 Pine Street
                                    New York, New York 10270-0110
                                    212-269-0927

TO: DANIEL R. SOLIN, ESQ.
401 Broadway, Suite 306
New York, New York 10013
(239) 949-1606
dansolin@yahoo.net

David Valicenti, Esq.
CAIN HIBBARD MYERS & COOK
66 West Street
Pittsfield, Massachusetts 01201
(413) 443-4771
dvalicenti@cainhibbard.com

Co-Counsel for Plaintiffs

7

#297570v1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK )

      **Arlett Villanueva**, being duly sworn, deposes and says:

      Deponent is not a party to the action, is over 18 years of age and resides in Queens, New York.

      On **May 19, 2008** deponent served the within **ANSWER** Upon:

DANIEL R. SOLIN, ESQ.
401 Broadway, Suite 306
New York, New York 10013
(239) 949-1606
dansolin@yahoo.net


David Valicenti, Esq.
CAIN HIBBARD MYERS & COOK
66 West Street
Pittsfield, Massachusetts  01201
(413) 443-4771
dvalicenti@cainhibbard.com
Co-Counsel for Plaintiffs

by depositing true copies of same in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, properly addressed to said attorneys at the above addresses designated by them for that purpose

                                              /S/
                                      Arlett Villanueva

Sworn to before me this
19th day of May, 2008

    Kevin J. Windels
      Notary Public

#297439v1