**DANIEL R. SOLIN (DRS 8675)**
401 Broadway
Suite 306
New York, New York 10013
(239) 949-1606
dansolin@yahoo.net

**DAVID VALICENTI (DV 9090)**
CAIN HIBBARD MYERS & COOK, PC
66 West Street
Pittsfield, Massachusetts  01201
(413) 443-4771
dvalicenti@cainhibbard.com

Co-Counsel for Plaintiffs


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL R. SOLIN, INDIVIDUALLY AND AS TRUSTEE OF THE DANIEL R. SOLIN TRUST,<br><br>                              Plaintiffs,<br><br>         - against -<br><br>ANTHONY J. DOMINO, JR. and THE GUARDIAN INSURANCE & ANNUITY COMPANY, INC.,<br><br>                              Defendants. | Civil Action No. 08 CV 2837 |


## DECLARATION OF DANIEL R. SOLIN

Daniel R. Solin, an attorney in good standing with the Bar of the State of New York,

hereby affirms under penalties of perjury:

1. I am co-counsel to the Plaintiffs herein, and I respectfully submit this Declaration in support of Plaintiffs' Motion to Add A New Party, Pursuant to Fed. R. Civ. P. 21.

2. Plaintiffs move to amend the Complaint to add The Guardian Insurance & Annuity Company, Inc. as a Defendant. A copy of the proposed Amended Complaint is attached as Exhibit A. As grounds for this Motion, the Plaintiffs state as follows:

   a. On March 18, 2008 Plaintiffs filed their Complaint against Defendant, Anthony J. Domino, Jr.

   b. Defendant Domino filed his Answer on May 19, 2008.

   c. In his Answer, Defendant Domino raised the affirmative defenses that (1) he was acting as an agent for a disclosed principal, namely Guardian Insurance & Annuity Company Inc. ("Guardian"); (2) that he relied on information provided by Guardian relating to the improper advice at issue in this action; and (3) that Plaintiffs failed to join a necessary party. See, Exhibit B, Defendant's Answer, at Affirmative Defenses Ninth, Eleventh and Twelfth.

   d. In addition, during the preparation of voluntary Initial Disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1), Plaintiffs uncovered documentation showing that Guardian was involved in the preparation of the improper advice at issue in this matter. The proposed Amended Complaint refers to this documentation at paragraph 14. The

documentation has been disclosed to Defendant Domino as part of

Plaintiffs' Initial Disclosures.

e.   This case is in the early stages and a discovery scheduling order has not

yet been issued by the Court.

f.   The granting of the motion will not prejudice defendant.

Dated: July 9, 2008

Respectfully submitted,

DANIEL R. SOLIN (DRS 8675)

By: *Daniel R. Solin/as*
401 Broadway
Suite 306
New York, New York 10013
(239) 949-1606
dansolin@yahoo.net

By: *David Valicenti/as*
DAVID VALICENTI (DV 9090)
CAIN HIBBARD MYERS & COOK
66 West Street
Pittsfield, Massachusetts  01201
(413) 443-4771
dvalicenti@cainhibbard.com

Co-Counsel for Plaintiffs

/560689/v1

**DANIEL R. SOLIN (DRS 8675)**
401 Broadway
Suite 306
New York, New York 10013
(239) 949-1606
dansolin@yahoo.com

**DAVID VALICENTI (DV 9090)**
CAIN HIBBARD MYERS & COOK, PC
66 West Street
Pittsfield, Massachusetts 01201
(413) 443-4771
dvalicenti@cainhibbard.com

Co-Counsel for Plaintiffs


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL R. SOLIN, INDIVIDUALLY AND AS TRUSTEE OF THE DANIEL R. SOLIN TRUST,<br><br>               Plaintiffs,<br><br>  - against -<br><br>ANTHONY J. DOMINO, JR. and THE GUARDIAN INSURANCE & ANNUITY COMPANY, INC.,<br><br>               Defendants. | Civil Action No. 08 CV 2837 |

## AMENDED COMPLAINT

Plaintiff Daniel R. Solin ("Solin"), individually and as Trustee of the Daniel R.

Solin Trust (the "Trust"), by their undersigned counsel, allege for their Complaint:

## THE PARTIES

1.     Plaintiff Solin is a citizen of the United States and a resident of Bonita Springs, Florida.

2.     Plaintiff Trust is a revocable Trust created under the laws of Florida on or about August 28, 2002.

3.     Defendant Anthony J. Domino, Jr. ("Domino") is a citizen of the United States and a resident of New Canaan, Connecticut. At all times relevant hereto, Domino was the President of Associated Benefit Consultants ("Associated"). Associated was and is an employee benefit-consulting firm headquartered in White Plains, New York. Associated provides its clients with advice in matters relating to pensions, profit sharing, deferred compensation, employee benefits, as well as financial services and estate planning. At all relevant times, Domino was and is a Registered Representative and a Financial Advisor.

4.     Defendant The Guardian Insurance & Annuity Company, Inc. ("Guardian"), is a Delaware corporation, with its principal place of business at 7 Hanover Square, New York, NY 10004. Guardian issues annuities and variable life insurance policies to policyholders. Annuities are long term-investment vehicles designed for retirement purposes. Withdrawals or surrenders of annuities may be subject to surrender charges. Amounts withdrawn from annuities, upon surrender or otherwise, are subject to ordinary income tax and Federal income tax withholding. Guardian is required to prepare and file with the Internal Revenue Service appropriate forms indicating the amount of such taxes withheld or due from the policyholder.

## JURISDICTION AND VENUE

5.     Plaintiff Solin is a citizen of the State of Florida and a resident of Bonita Springs, Florida.  Plaintiff Trust is a revocable trust created under the laws of Florida. Domino is a citizen of the State of Connecticut. Guardian is a citizen of Delaware and New York. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a). The amount in controversy exceeds $75,000, exclusive of interest and costs.

6.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(a) because a substantial part of the relevant events occurred in this district and Guardian is subject to personal jurisdiction in this forum.

## INTRODUCTION

7.     Solin and the Trust bring this action for damages to remedy (i) Domino's actions of professional malpractice and negligent misrepresentation and (ii) Guardian's breach of contract which have caused Solin and the Trust serious economic damages. Alternatively, Solin seeks reformation of his annuity agreement with Guardian based upon mutual mistake.

## FACTUAL ALLEGATIONS

8.     For many years, Solin and, more recently, the Trust, have been financial advisory clients of Domino and Associated. In connection with the transactions at issue, Domino also served as insurance agent and/or broker to Solin and the Trust.  He provided those services from the corporate headquarters of Associated, located in White Plains, New York.

9.      In or about November, 2006, Solin, and Solin's wife, Patricia Solin, asked Domino to compute the taxable gain if Solin surrendered a Variable Annuity bearing contract number 210200815 (the "Annuity") issued by Guardian in the name of the Trust. Domino had advised Solin to rollover another annuity the Trust had with Fidelity Investments into this Guardian annuity approximately six years prior to this time. At that time, Domino was a Financial Representative of Guardian and, upon information and belief, he received significant initial and ongoing commissions for placing the Annuity with Guardian.

10.     Solin and his accounting firm Fenton, Pinsonnault & Quinn, P.C. ("Fenton") needed the Annuity's taxable gain information from Domino to calculate Solin's potential tax liability and to determine whether Solin and the Trust should surrender the Annuity, pay the taxes and invest in a taxable account or rollover the Annuity, using a tax free 1035 exchange, into a low cost annuity from Vanguard or from other low cost providers.

11.     The value of the Annuity in November, 2006 was $3,173,439.

12.     Orally, and in writing from the headquarters of Associated in White Plains, New York, and on a number of occasions, Domino represented to Solin, to Patricia Solin and to Fenton, that $2,481,938 of the $3,173,439 value of the Annuity could be taken out tax free (i.e., its cost basis), leaving a gain of $691,501 which would indicate a potential tax liability of approximately $200,000.

13.     Upon information and belief, Domino obtained this information from Guardian.

14.    Guardian subsequently confirmed this information in writing to Solin, in a document entitled "Annuity Contract Confirmation and Statement", by indicating that the "income tax withheld" upon the surrender of the Annuity was $187,713.88, which was consistent with the tax information conveyed by Domino to Solin, to Patricia Solin and to Fenton.

15.    In reliance on Domino's oral and written information, and upon Guardian's written confirmation of this tax information, Solin and the Trust surrendered the Annuity in or about June, 2007 and invested the proceeds in a taxable account at Charles Schwab & Co., where it was invested in a globally diversified portfolio of passively managed funds.

16.    In February, 2008, Guardian issued a Form 1099 to Solin and the Trust, indicating that $1,877,138.80 of the value of the Annuity was taxable, resulting in an actual tax liability in excess of $600,000. When confronted with this disparity between the information he provided to Solin, to the Trust and to Fenton, and the actual gain amount and resulting tax liability, Domino conceded that he had made "a mistake."

17.    If Solin and the Trust had received accurate information from Domino and Guardian, Solin would have rolled over the Annuity into a low cost annuity from Vanguard or from another low cost provider and deferred all tax liability.

18.    The conduct of Domino and Guardian as set forth herein has caused significant financial harm to Solin and to the Trust.

## FIRST CLAIM AGAINST DOMINO - PROFESSIONAL MALPRACTICE

19.    Plaintiffs repeat and reallege paragraphs 1 through 18 above as if fully set forth herein.

20.    At all relevant times, Domino performed professional services for Solin and the Trust as both a financial advisor and an insurance agent. As such, he owed Solin and the Trust a duty of care.

21.    Domino failed to exercise the standard of care of a professional financial advisor or an insurance agent when he advised Solin and the Trust of the potential taxable gain and resulting tax liability upon the surrender of the Annuity.

22.    Solin and the Trust relied on Domino's information and surrendered the Annuity based upon that information.  If they had known the actual gain and resulting tax liability, they would not have surrendered the Annuity and, instead, would have rolled over the Annuity into a low cost annuity from Vanguard or from other low cost providers and deferred all tax liability.

23.    This negligent conduct by Domino has caused damage to Solin and the Trust, in an amount to be determined at trial but estimated to be in excess of $400,000.


## SECOND CLAIM AGAINST DOMINO - NEGLIGENT MISREPRESENTATION

24.    Plaintiffs repeat and reallege paragraphs 1 through 23 above as if fully set forth herein.

25.    As the financial advisor and insurance agent for Solin and the Trust, Domino owed them a duty to use reasonable care to impart accurate information to them concerning the taxable gain they would incur if they surrendered the Annuity.

26.     Domino failed to use reasonable care when he imparted incorrect information to Solin, to the Trust and to their accountant concerning the taxable gain and ultimate tax liability they would incur if they surrendered the Annuity.

27.     Solin and the Trust reasonably relied on the information provided by Domino in making the decision to surrender the Annuity and to incur tax liability.

28.     This negligent conduct by Domino has caused damage to Solin and the Trust, in an amount to be determined at trial but estimated to be in excess of $400,000.

## THIRD CLAIM AGAINST GUARDIAN - BREACH OF CONTRACT

29.     Plaintiffs repeat and reallege paragraphs 1 through 28 above as if fully set forth herein.

30.     Guardian entered into an annuity agreement with Solin and the Trust.

31.     Guardian breached the annuity agreement by providing incorrect tax information concerning the Annuity to Domino, to Solin and to the Trust.

32.     Solin and the Trust duly performed all of their obligations pursuant to the terms of the agreement.

33.     Solin and the trust suffered damages resulting from the breach of contract by Guardian in an amount to be determined at trial but estimated to be in excess of $400,000.

## FOURTH CLAIM AGAINST GUARDIAN - MUTUAL MISTAKE

34.     Plaintiffs repeat and reallege paragraphs 1 through 33 above as if fully set forth herein.

35.    When Solin and the Trust surrendered the Annuity, they did so based upon the erroneous belief that the tax information provided by Guardian to them was accurate.

36.    When Guardian accepted the surrender of the Annuity, it did so based upon its belief that the tax information it provided to Domino, to Solin and to the Trust was accurate.

37.    In the absence of the receipt of the erroneous tax information, Solin and the Trust would not have surrendered the annuity.  Instead, they would have rolled over the Annuity into a low cost annuity from Vanguard or from another low cost provider and deferred all tax liability.

38.    Based upon the foregoing, the Annuity agreement should be reformed and reconstituted to its pre-surrender value, plus what its value would have been up to the date of reformation, and to further provide that it may then be transferred without penalty into another annuity issued by a fund family designated by Solin and the Trust.

WHEREFORE, Plaintiffs pray for judgment:

I.    Awarding damages to compensate them for the injuries they suffered as a result of Defendants' misconduct, in an amount to be determined at trial;

II.    Alternatively, reforming the Annuity agreement as set forth herein;

III.    Awarding Plaintiffs their costs and reasonable attorneys' fees in connection with this action; and

IV.    Awarding Plaintiffs such other and further relief as this Court may find to be just.

Dated: May 30, 2008

                                     Respectfully submitted,
                                       DANIEL R. SOLIN (DRS 8675)

                                       By: _____
                                       401 Broadway
                                       Suite 306
                                       New York, New York 10013
                                       (239) 949-1606
                                       dansolin@yahoo.com

                                       By: _____
                                       DAVID VALICENTI (DV 9090)
                                       CAIN HIBBARD MYERS & COOK
                                       66 West Street
                                       Pittsfield, Massachusetts 01201
                                       (413) 443-4771
                                       dvalicenti@cainhibbard.com

                                       Co-Counsel for Plaintiffs

Kevin J. Windels (KJW 5477)
D'AMATO & LYNCH, LLP
70 Pine Street
New York, New York 10270
(212) 269-0927
kwindels@damato-lynch.com
Attorneys for Defendant
Anthony J. Domino, Jr.


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— X

DANIEL R. SOLIN, INDIVIDUALLY AND AS
TRUSTEE OF THE DANIEL R. SOLIN TRUST,

                               Plaintiffs,

               – against –

ANTHONY J. DOMINO, JR.,

                        Defendant.

——————————————————————— X

Civ. Action No.:08 CV 2837 (SCR)

**ANSWER**

**Trial by Jury is Demanded
Pursuant to FRCP 38**

Defendant Anthony J. Domino, Jr., by his attorneys D'Amato & Lynch, LLP, as
and for his Answer to the Complaint states the following:

**THE PARTIES**

        1.       Denies knowledge or information sufficient to form a belief with respect
to each and every allegation contained in Paragraph "1" of the Complaint.

        2.       Denies knowledge or information sufficient to form a belief with respect
to each and every allegation contained in Paragraph "2" of the Complaint and respectfully refers
all questions of law to the Court.

        3.       Defendant admits that he is a citizen of the United States and a resident of
New Canaan, Connecticut.  Defendant also admits that he is a Managing Director of Associated

Benefits, LLC, located in Rye Brook, New York. In addition, Defendant admits he is a licensed insurance agent and a Registered Representative and holds designations as a Chartered Life Underwriter and Chartered Financial Consultant. Defendant denies each and every other allegation contained in Paragraph "3" of the Complaint.

## JURISDICTION AND VENUE

4.    Denies knowledge or information sufficient to form a belief with respect to each and every allegation contained in Paragraph "4" of the Complaint, except admits that defendant is a citizen of the State of Connecticut.

5.    Denies knowledge or information sufficient to form a belief with respect to each and every allegation contained in Paragraph "5" of the Complaint and respectfully refers all questions of law to the Court.

## INTRODUCTION

6.    Denies each and every allegation contained in Paragraph "6" of the Complaint.

7.    Denies each and every allegation (contained in Paragraph "7" of the Complaint.

8.    Denies each and every allegation contained in Paragraph "8" of the Complaint.

9.    Denies each and every allegation contained in Paragraph "9" of the Complaint.

10.    Denies each and every allegation contained in Paragraph "10" of the Complaint.

2

11.     Denies each and every allegation contained in Paragraph "11" of the Complaint. To the extent that plaintiffs are relying on one or more a written document(s), in connection with the allegations in Paragraph "11" of the Complaint, defendant refers the court to the document(s) in their entirety.

12.     Denies each and every allegation contained in Paragraph "12" of the Complaint.

13.     Denies each and every allegation contained in Paragraph "13" of the Complaint.

14.     Denies each and every allegation contained in Paragraph "14" of the Complaint.

15.     Denies each and every allegation contained in Paragraph "15" of the Complaint.

## RESPONSE TO PLAINTIFFS'
## FIRST CLAIM-PROFESSIONAL MALPRACTICE

16.     In response to paragraph "16" of the Complaint, defendant repeats and realleges his responses to Paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17.     Denies each and every allegation contained in Paragraph "17" of the Complaint, and respectfully refers all questions of law to the Court.

18.     Denies each and every allegation contained in Paragraph "18" of the Complaint.

19.     Denies each and every allegation contained in Paragraph "19" of the Complaint.

20.     Denies each and every allegation contained in Paragraph "20" of the

Complaint.

## RESPONSE TO PLAINTIFFS'
## SECOND CLAIM-NEGLIGENT MISREPRESENTATION

21.     In response to paragraph "21" of the Complaint, defendant repeats and realleges his responses to Paragraphs "1" through "20" of the Complaint as if fully set forth herein.

22.     Denies each and every allegation contained in Paragraph "22" of the Complaint and respectfully refers all questions of law to the Court.

23.     Denies each and every allegation contained in Paragraph "23" of the Complaint and respectfully refers all questions of law to the Court.

24.     Denies each and every allegation contained in Paragraph "24" of the Complaint.

25.     Denies each and every allegation contained in Paragraph "25" of the Complaint.

### AS FOR A FIRST SEPARATE DEFENSE

1.     The Complaint fails to state a claim as against defendant upon which relief may be granted.

### AS FOR A SECOND SEPARATE DEFENSE

2.     Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

### AS FOR A THIRD SEPARATE DEFENSE

3.     Plaintiffs' claims are barred in whole or in part by the doctrine of ratification.

## AS FOR A FOURTH SEPARATE DEFENSE

4.    Plaintiffs' claims are barred in whole or in part by the doctrine of limitations of awards, caps on recovery, and/or setoffs.

## AS FOR A FIFTH SEPARATE DEFENSE

5.    Plaintiffs' claims are barred in whole or in part by the doctrines of ripeness, waiver and/or estoppel.

## AS FOR A SIXTH SEPARATE DEFENSE

6.    Plaintiffs' claims are barred in whole or in part because defendant discharged and satisfied all of his obligations to plaintiffs.

## AS FOR A SEVENTH SEPARATE DEFENSE

7.    Plaintiffs' claims are barred in whole or in part because their reliance upon the alleged misrepresentations, statements and/or omissions of defendant was not justified.

## AS FOR AN EIGHTH SEPARATE DEFENSE

8.    Any damages sustained by plaintiffs are attributable to their own comparative fault, contributory negligence, assumption of the risk, and/or acts or omissions.

## AS FOR A NINTH SEPARATE DEFENSE

9.    Plaintiffs have failed to join one or more necessary parties against whom relief can or should be granted.

## AS FOR A TENTH SEPARATE DEFENSE

10.    Plaintiffs have failed to mitigate their alleged damages.

## AS FOR A ELEVENTH SEPARATE DEFENSE

11.    At all relevant times herein, Defendant was acting as an agent for a disclosed principal(s), namely The Guardian Insurance Company of America ("Guardian") and/or Guardian Insurance & Annuity Company, Inc. ("GIAC").

5

## AS FOR A TWELFTH SEPARATE DEFENSE

12.    At all relevant times herein, Defendant was an agent for Guardian, and as such, relied on information provided by Guardian and/or GIAC relating to the computation of the taxable gain on the Annuity Contract (No. 210200815) issued by GIAC.

## AS FOR A THIRTEENTH SEPARATE DEFENSE

13.    Defendant Domino reserves the right to rely on such other and further affirmative defenses as may be supported by facts to be determined through full and complete discovery and to amend his answer to assert such affirmative defenses.

## JURY DEMAND

Defendant demands a trial by jury as to all issues raised in the Complaint pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE,** defendant respectfully requests that the court enter judgment as follows:

a.  Dismissing plaintiffs' complaint in its entirety; and

b.  Awarding defendant costs and reasonable attorneys' fees of this action; and

c.  Such other and further relief as to this Court seems proper.

Dated: New York, New York
       May 19, 2008

> Yours, etc.,
>
> D'AMATO & LYNCH, LLP
>
> By:_____/S/_____
>         Kevin J. Windels (KJW 5477)
>         Attorneys for Defendant
>         Anthony J. Domino, Jr.
>         70 Pine Street
>         New York, New York 10270-0110
>         212-269-0927

TO:    DANIEL R. SOLIN, ESQ.
       401 Broadway, Suite 306
       New York, New York 10013
       (239) 949-1606
       dansolin@yahoo.net


       David Valicenti, Esq.
       CAIN HIBBARD MYERS & COOK
       66 West Street
       Pittsfield, Massachusetts  01201
       (413) 443-4771
       dvalicenti@cainhibbard.com

       Co-Counsel for Plaintiffs

#297570v1