**DANIEL R. SOLIN (DRS 8675)**
401 Broadway
Suite 306
New York, New York 10013
(239) 949-1606
dansolin@yahoo.net

**DAVID VALICENTI (DV 9090)**
CAIN HIBBARD MYERS & COOK, PC
66 West Street
Pittsfield, Massachusetts 01201
(413) 443-4771
dvalicenti@cainhibbard.com

Co-Counsel for Plaintiffs


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL R. SOLIN, INDIVIDUALLY AND AS TRUSTEE OF THE DANIEL R. SOLIN TRUST,<br><br>                    Plaintiffs,<br><br>- against -<br><br>ANTHONY J. DOMINO, JR. and THE GUARDIAN INSURANCE & ANNUITY COMPANY, INC.,<br><br>                    Defendants. | Civil Action No. 08 CV 2837 |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO ADD PARTY PURSUANT TO FED. R. CIV. P 21

      Plaintiffs respectfully submit this Memorandum of Law in support of their motion to add a new party.

/560604/v1

## FACTS PERTINENT TO THIS MOTION

This case involves claims for professional malpractice and negligent misrepresentation against an insurance broker, Anthony J. Domino.

The Complaint alleges that Mr. Domino provided inaccurate tax information to plaintiffs, upon which they relied in making a decision to surrender a Variable Annuity. Specifically, Mr. Domino advised plaintiffs that their tax liability upon surrender would be approximately $200,000. The actual tax liability was in excess of $600,000.

In the absence of this inaccurate information, plaintiffs would have rolled over the Annuity into a low cost annuity from Vanguard or to another low cost provider and deferred all tax liability.

Domino filed his Answer on May 19, 2008. In his Answer, he raised the affirmative defenses that (1) he was acting as an agent for a disclosed principal, namely Guardian Insurance & Annuity Company Inc. ("Guardian"); (2) he relied on information provided by Guardian for the advice at issue in this action; and (3) Plaintiffs failed to join a necessary party. See, Exhibit B to Declaration of Daniel R. Solin, Defendant's Answer, at Affirmative Defenses Ninth, Eleventh and Twelfth.

In addition, during the preparation of voluntary Initial Disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1), Plaintiffs uncovered documentation showing that Guardian was involved in the preparation of the improper advice at issue in this matter. The proposed

/560604/v1

Amended Complaint, attached as Exhibit A to the Declaration of Daniel R. Solin, refers to this documentation at paragraph 14.

These facts provide Plaintiffs with a good faith basis to conclude that an additional Defendant was involved in the preparation of the advice given to the Plaintiffs and upon which they relied when they sold the annuities.

## ARGUMENT

### The Motion To Add A Party Should Be Granted

Motions to add parties to an action are governed by Fed.R.Civ.P. 21, under which motions are reviewed under a standard similar to amendment under Fed. R. Civ. P. 15. See Sheldon v. PHH Corp., No 96 Civ 1666 (LAK), 1997 WL 91280, at *3 (S.D.N.Y. Mar. 4, 1997). District courts have broad discretion when considering such motions, and consider the prejudice, delay, and futility of the requested additions. See Id.

Here, the balance of the factors weighs in favor of granting the motion. The parties have engaged in no discovery thus far, other than the Plaintiffs' Initial Disclosures. Though there might be some additional minor delay, Defendant is not prejudiced by the delay. While there are many facts that are in the exclusive control of defendants and are therefore yet to be learned, amendment to add Guardian as a new party is far from futile. The facts, and reasonable inferences to be gleaned at this point, indicate that Guardian participated in the preparation of advice upon which the Plaintiffs relied when deciding to sell the annuities.

Of course, Guardian will be able to assert whatever defenses it might have, but at this preliminary stage Plaintiffs clearly have a basis for believing their claims will succeed.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request permission to add the Guardian as a new party defendant

Dated :July 9, 2008

Respectfully submitted,

DANIEL R. SOLIN (DRS 8675)

By: *[signature]*
401 Broadway
Suite 306
New York, New York 10013
(239) 949-1606
dansolin@yahoo.net

By: *[signature]*
DAVID VALICENTI (DV 9090)
CAIN HIBBARD MYERS & COOK
66 West Street
Pittsfield, Massachusetts 01201
(413) 443-4771
dvalicenti@cainhibbard.com

Co-Counsel for Plaintiffs

/560604/v1